IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENNIS E. BARNES, CHRIS, CHANDLER, and JAN B. CHANDLER, | Χ | |
| | Χ | |
| Plaintiffs, | Χ | |
| v. | Χ | CASE NO. 1:17-CV-419 |
| | Χ | |
| TOWN COUNCIL OF PERDIDO BEACH, ALABAMA, | Χ . | |
| Defendant. | Χ | |

AMENDED COMPLAINT

Come now Dennis E. Barnes, Chris Chandler, and Jan B. Chandler, Plaintiffs in the foregoing styled cause, by and through their attorney of record, and demand declaratory and injunctive relief of the Defendant, Town Council of Perdido Beach, Alabama (hereafter sometimes the "Town" or "Town Council"), and as grounds therefor would show unto the Court as follows, to-wit[1]:

1.   That the property that is the subject of this action was included in a subdivision plat entitled Preparation of

---

1.   This Amended Complaint is filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).

Blocks 14 and 15 in Soldier Creek Addition to Perdido Beach, recorded on December 29, 1948 at Map Book 3, page 93, in the Office of the Judge of Probate, Baldwin County, Alabama; and which property was subsequently included within a second subdivision plat entitled A Repartition of Blocks 12, 13, 14, and 15 in Soldier Creek Addition to Perdido Beach, which was recorded on May 8, 1954 at Map Book 4, page 102, in the Office of the Judge of Probate, Baldwin County, Alabama.

2.   That the aforementioned subdivision plats (hereafter the "Subdivision Plats") failed to comply with the provisions of Ala. Code §§ 35-2-50 and 51, and therefore, conveyed only an easement interest to the public in that certain unnamed road depicted thereon now known as State Street, not the fee simple title, pursuant to the common law rule of dedication. Compare Shelby Contracting Company, Inc. v. Pizitz, 231 So. 2d 743 (Ala. 1970), with Orange Beach v. Benjamin, 821 So. 2d 193 (Ala. 2001).

3.   That by Resolution 2017-01, dated January 19, 2017, the Town Council for the Town of Perdido Beach did authorize Mayor Kae Hamilton to make an offer to purchase that certain 2.62 acre parcel of undeveloped real property situated on Soldier's Creek, in the Town of Perdido Beach, adjacent to the east of Tuscaloosa Street and to the south of State Street (hereafter the

"Subject Property"), for the construction of a public pier and boat launch, said property being described more particularly as follows:

> Lots 1, 2, 3, and 4, Block 14, Repartition of
> Blocks 14 and 15 in Soldier's Creek Addition
> to Perdido Beach, according to map or plat
> thereof recorded in the Office of the Judge
> of Probate of Baldwin County, Alabama, in Map
> Book 3, page 93.

4.   That by Warranty Deed dated March 29, 2017, recorded at Instrument Number 1624784 in the Office of the Judge of Probate, Baldwin County, Alabama, the Town became the owner of the fee simple title to the Subject Property.

5.   That the Subject Property has, at all times since the adoption by the Town Council of the Land Use and Zoning Ordinances on May 10, 2011, as last amended August 12, 2014 (hereafter the "Zoning Ordinances"), been zoned R-1, Single Family District (hereafter "R-1"), which provides for low density residential development consisting of single family dwellings on large lots and is limited to one dwelling unit per lot.

6.   That R-1 zoning does not permit the use of property within that zoning designation for a public boat launch or a public pier, which uses are permitted only under OR, Outdoor

Recreation District (hereafter "OR"), zoning, and then only as a "conditional use" as provided in the Zoning Ordinances.

      7.    That the Town has created a proposed plan for the public boat launch and public pier, which plan includes construction of the physical boat launch on the right of way of State Street and use of the Subject Property for related facilities.

      8.    That on April 20, 2017, at the regularly scheduled meeting of the Town Council, the Town Council passed by unanimous vote a motion that the Subject Property be rezoned from R-1 to OR.

      9.    That the said rezoning violates Section 6.1.5 of the Zoning Ordinances in that OR zoning requires a minimum lot area of three (3) acres.

      10.    That the said rezoning further violates the thirty (30) foot setback for development from wetlands at Section 10.1.04 of the Zoning Ordinances, as evidenced by a wetlands delineation obtained by the Town, which delineation indicates that the Subject Property enjoys wetlands along its entire boundary with Soldier's Creek and that said wetlands encroach along the southern portion of the State Street boundary with Soldier's Creek.

11.   That the public boat launch and public pier proposed by the Town will have negative environmental impacts, including without limitation the destruction of submerged grass beds also indicated by the aforementioned wetlands delineation.

12.   That Soldier's Creek is at times heavily trafficked by boats and other water craft, and the proposed public boat launch will negatively impact navigation of Soldier's Creek.

13.   That the Town has limited financial resources such that it cannot afford to provide a police force for the municipality, let alone the resources necessary to provide ongoing maintenance for the proposed public boat launch and public pier.

14.   That the public boat launch will attract crime and other nuisances, and will be a safety risk for those in the community as well as those outside of the community traveling to and from the public boat launch.

15.   That the Sheriff of Baldwin County has informed the Town of its obligation to provide its own police force, but the town has failed to do so, presumably due to its inadequate financial resources.

16.   That the infrastructure at the Town is insufficient to support a public boat launch, and the Town's limited resources

prevent sufficient improvement of said infrastructure to support the boat launch.

17.   That on June 7, 2017, the rezoning application came on for hearing before the Town's Planning Commission in Case No. PBZ-17001, a public hearing on said application having been noticed as required by law, and that following said hearing, the Planning Commission did adopt a resolution recommending approval of said zoning amendment to the Town Council.

18.   That on July 20, 2017, the rezoning application came on for hearing before the Town Council for the Town, a public hearing on said application having been noticed as required by law, and that following said hearing, at the next regularly scheduled meeting of the Town Council on August 17, 2017, it did adopt a resolution approving the rezoning of the Subject Property from R-1 to OR.

19.   That Plaintiff Dennis Barnes, by Warranty Deed dated August 3, 2012, recorded at Instrument Number 1354800 in the Office of the Judge of Probate, Baldwin County, Alabama, owns real property situated on the shores of Soldier's Creek, two lots south of the Subject Property, described more particularly as follows:

> Lots 7 & 8, Block 14, of Soldiers Creek
> Additions to Perdido Beach, according to the
> plat thereof recorded in Map Book 3, page 93,

in the Office of the Probate Judge of Baldwin County, Alabama.

20.    That Plaintiffs Chris Chandler and Jan B. Chandler own an interest in the fee simple title to that certain real property adjacent to State Street to the north along the shore of Soldier's Creek and in the adjoining riparian lands, said property being for the use of owners of the 52 lots in said Block No's. 12 and 15, by virtue of their ownership in the following described property conveyed by Warranty Deed dated May 17, 1999, recorded at Instrument Number 493714 in the Office of the Judge of Probate, Baldwin County, Alabama:

> Lot 12 of Block 12, and Plot 22 located in Lot 13, in Block 13 of the Repartition of Blocks 12, 13, 14 and 15 in Soldier's Creek Addition to Perdido Beach, being in the Southeast Quarter of the Southeast Quarter of Section 7, and the Northeast Quarter of the Northeast Quarter of Section 18, Township 8 South, Range 6 East, according to a plat thereof recorded in Map Book 4, page 102 of the Probate Records of Baldwin County, Alabama.

21.    That the rezoning of the Subject Property to OR, and/or the construction of a public pier and boat launch on and extending from State Street, will negatively impact the use, enjoyment, and value of the property owned by the Plaintiffs and other lot owners in the vicinity.

## COUNT I

Come now Dennis E. Barnes, Chris Chandler, and Jan B. Chandler, Plaintiffs in the foregoing styled cause, by and through their attorney of record, and demand declaratory and injunctive relief of Defendant Town Council, and as grounds therefor would show unto the Court as follows, to-wit:

22.   That Plaintiffs re-allege the allegations contained at Paragraphs One through 21 of this Complaint.

23.   That pursuant to Alabama law, the Town Council's decision to rezone the Subject Property from R-1 to OR was invalid because it was arbitrary and capricious in that OR zoning, as applied to the Subject Property, 1) does not bear a substantial relationship to the health, safety, morals, or general welfare of the community, BP Oil Co. v. Jefferson Cty., 571 So. 2d 1026, 1028 (Ala. 1990), and/or 2) is in violation of the Zoning Ordinances, Fort Morgan Civic Ass'n, Inc. v. Baldwin County Com'n, 890 So. 2d 139 (Ala. Civ. App. 2003).

24.   Alternatively, pursuant to Alabama law, the Town Council's decision to rezone the Subject Property from R-1 to OR was invalid because it was not fairly debatable given the circumstances as set forth herein. Jefferson Cty. v. O'Rorke, 394 So. 2d 937, 938 (Ala. 1981).

25.   That a justiciable controversy exists between the parties hereto in that the parties are uncertain and insecure concerning the proper zoning of the Subject Property.

WHEREFORE, Plaintiffs do call on this Honorable Court to take jurisdiction of this cause, pursuant to Ala. Code § 6-6-220, et seq. (1993 Repl. Vol.), and to hear the evidence in support thereof, and after hearing said evidence to enter a final judgment as follows:

(a) determining that the adoption of the said resolution rezoning the Subject Property from R-1 to OR was arbitrary and capricious in that OR, as applied to the Subject Property, 1) does not bear a substantial relationship to the health, safety, morals, or general welfare of the community, and 2) is in violation of the Zoning Ordinances; or,

(b) in the alternative, determining that the application of OR zoning to the Subject Property was not fairly debatable given all of the circumstances; and

(c) ordering the Town Council to re-apply R-1 zoning to the Subject Property;

(d) enjoining the construction of any public facilities on the Subject Property; and

(e) for such other, further, and different relief to which the Plaintiffs may be entitled under the circumstances,

including costs of court and attorney fees pursuant to the common-benefit exception to the American Rule. Bell v. The Birmingham News Co., 576 So. 2d 669, 670 (Ala. Civ. App. 1991).

## COUNT II

Come now Dennis E. Barnes, Chris Chandler, and Jan B. Chandler, Plaintiffs in the foregoing styled cause, by and through their attorney of record, and demand declaratory and injunctive relief of Defendant Town Council, and as grounds therefor would show unto the Court as follows, to-wit:

26.   That Plaintiffs re-allege the allegations contained at Paragraphs One through 25 of this Complaint.

27.   That although the Subdivision Plats do not comply with the requirements of a statutory dedication, the streets and avenues depicted thereon were nevertheless properly dedicated to public use by common law dedication, pursuant to the holding of Shelby Contracting Company, Inc. v. Pizitz, 231 So. 2d 743 (Ala. 1970).

28.   That certain property now known as State Street was depicted on the Subdivision Plats as an unnamed, 50 foot road, and therefore, said property was dedicated to be used for pedestrian and vehicular traffic thereon, and for no other purpose.

29.   "When lands have been so dedicated as streets and avenues, the municipality has no power, unless specifically authorized by the legislature, to divert them in any manner from the uses to which they were originally dedicated."  Lybrand v. Town of Pell City, 71 So. 2d 797, 801 (Ala. 1954); City of Troy v. Watkins, 78 So. 50 (Ala. 1918); see also, Douglas v. City Council of Montgomery, 24 So. 745, 747 (Ala. 1898)("There is a marked difference between the uses and trusts as ordinarily imposed in the dedication of streets or highways in a city, and those imposed in the dedication of public squares or commons, and in the uses and enjoyments of the people therein."); Lowell Steven Fuller, et al. v. Town of Magnolia Springs, Alabama, Case No. CV-2010-900931, in the Circuit Court of Baldwin County, Alabama ("The Town is prohibited from making any use of the public streets and roads of Magnolia Springs which diverts them in any manner from the uses and trusts to which they were originally dedicated or otherwise renders the streets 'less commodious.'" at Para. 19); Jesuit of Perdido – A Catholic Society of Literary Education, et al. v. Jenkins and Baldwin County Commission, Case No. CV-99-685, in the Circuit Court of Baldwin County, Alabama (park not permitted within street right-of-way).

30.   That the use of State Street as a proposed public boat launch and public pier constitutes an unlawful expansion of the purpose for which it was dedicated to public use.

31.   That a justiciable controversy exists between the parties hereto in that the Plaintiffs are uncertain and insecure as to the rights and obligations of the Town to use State Street for any purpose beyond pedestrian and vehicular traffic.

WHEREFORE, Plaintiffs do call on this Honorable Court to take jurisdiction of this cause, pursuant to Ala. Code § 6-6-220, et seq. (1993 Repl. Vol.), and to hear the evidence in support thereof, and after hearing said evidence to enter a final judgment as follows:

(a) declare that State Street may be used only for pedestrian and vehicular traffic thereon, and for no other purpose;

(b) permanently enjoining the construction of any public boat launch, pier, or related facilities extending from the right of way of State Street into Soldier's Creek; and

(c) for such other, further, and different relief to which the Plaintiffs may be entitled under the circumstances, including costs of court and attorney fees pursuant to the common-benefit exception to the American Rule. Bell v. The Birmingham News Co., 576 So. 2d 669, 670 (Ala. Civ. App. 1991).

## COUNT III

Come now Dennis E. Barnes, Chris Chandler, and Jan B. Chandler, Plaintiffs in the foregoing styled cause, by and through their attorney of record, and demand declaratory and injunctive relief of Defendant Town Council, and as grounds therefor would show unto the Court as follows, to-wit:

32.   That Plaintiffs re-allege the allegations contained at Paragraphs One through 31 of this Complaint.

33.   That the Town's proposed plan for a public boat launch and a public pier requires said improvements to be constructed on and extend from the right of way of State Street into Soldier's Creek.

34.   That the riparian rights, which entitle the owner to construct waterfront improvements, belong to the owner of the fee simple title in the riparian lands abutting the water.   Ala. Code § 33-7-50 (2002 Repl. Vol.); Orange Beach v. Benjamin, 821 So. 2d 193 (Ala. 2001).

35.   That pursuant to the rule of common law dedication, the adjoining property owners own fee simple title in a street right of way up to the median line of the right of way.   Shelby Contracting Company, Inc. v. Pizitz, 231 So. 2d 743 (Ala. 1970).

36.   That the Town owns no fee simple title to the northern 25 feet of the 50 foot right of way of State Street.

37. That therefore, the Town owns no riparian rights entitling it to construct waterfront improvements on or extending from the north 25 feet of State Street.

38. That the Zoning Ordinances, at Section 13.3.1(b), require a 10 foot setback from the lateral riparian rights line, which prohibits construction of any waterfront improvements 10 feet further south of the median line of the 50 foot State Street right of way.

39. That the Zoning Ordinances, at Section 10.1.4, require a 30 foot setback for development from a wetland. Development is defined as any man made change to improved or unimproved real estate including but not limited to buildings or other structures, digging, dredging, filling, grading, paving, excavating, or drilling operations.

40. That wetlands encroach on State Street from the South, and therefore, the construction of a boat launch or public pier is prohibited within 30 feet of the boundary of said wetlands.

41. That a justiciable controversy exists between the parties hereto in that the Plaintiffs are uncertain and insecure as to the rights and obligations of the Town to construct any waterfront improvements along the shores of State Street, as

impacted by both the law concerning riparian rights in this State and by the Zoning Ordinances.

WHEREFORE, Plaintiffs do call on this Honorable Court to take jurisdiction of this cause pursuant to Ala. Code § 6-6-220, et seq. (1993 Repl. Vol.) and to hear the evidence in support thereof, and after hearing said evidence, to enter a final judgment as follows:

(a) declaring that the Town Council of Perdido Beach is prohibited from constructing any waterfront improvements extending from State Street;

(b) in the event the Court determines that the Town is entitled to construct some such improvements, to define the specific boundaries within which said improvements may be constructed;

(c) permanently enjoining the construction of any public boat launch, pier, or related facilities extending from the right of way of State Street into Soldier's Creek; and

(d) for such other, further, and different relief to which the Plaintiffs may be entitled under the circumstances, including costs of court and attorney fees pursuant to the

common-benefit exception to the American Rule.   <u>Bell v. The</u>

<u>Birmingham News Co.</u>, 576 So. 2d 669, 670 (Ala. Civ. App. 1991).

**s/Allan R. Chason**
Federal Bar Number: CHASA0707
Attorney for Plaintiffs,
Dennis E. Barnes, Chris
Chandler, and Jan B. Chandler
CHASON & CHASON, P.C.
P. O. Box 100
Bay Minette, Alabama 36507
Fax: (251)937-2101
E-Mail: achason@chasonlaw.com


**s/Joseph D. Thetford, Jr.**
Federal Bar Number: THETJ4746
Attorney for Plaintiffs,
Dennis E. Barnes, Chris
Chandler, and Jan B. Chandler
CHASON & CHASON, P.C.
P. O. Box 100
Bay Minette, Alabama 36507
Fax: (251)937-2101
E-Mail: jdt@chasonlaw.com

<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on the 22nd day of September,

2017, I electronically filed the foregoing Amended Complaint with

the Clerk of the Court using the CM/ECF system, which will send

notification of such filing to which will send notification of

such filing to Melissa P. Hunter, Galloway, Wettermark, Everest &

Rutens, LLP, P. O. Box 16629, Mobile, Alabama 36616-0629,

mhunter@gallowayllp.com; and Lawrence M. Wettermark, Galloway,

Wettermark, Everest & Rutens, LLP, P. O. Box 16629, Mobile,

Alabama 36616-0629, lwettermark@gallowayllp.com at their

respective electronic mail addresses.

**s/Joseph D. Thetford, Jr.**
Federal Bar Number: THETJ4746
Attorney for Plaintiffs,
Dennis E. Barnes, Chris
Chandler, and Jan B. Chandler
CHASON & CHASON, P.C.
P. O. Box 100
Bay Minette, Alabama 36507
Fax: (251)937-2101
E-Mail: jdt@chasonlaw.com

00028549.WPDver2